UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KINSELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, MICHAEL KINSELLA, by and through his attorneys, THE DERATANY FIRM, and complaining against the defendant, the UNITED STATES OF AMERICA, on information and belief, states as follows:

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff MICHAEL KINSELLA is a resident of the state of Illinois, residing at 270 Lessenden Road, Elgin Illinois 60120. See 28 U.S.C. §1402(b).

2. The claims herein are brought against the defendant UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of agents and employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the Defendant UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff MICHAEL KINSELLA in accordance with the laws of the State of Illinois.

1

3. Venue is proper in that all of the relevant acts forming the basis of these claims occurred in the Northern District of Illinois, and arose from the negligent actions of Federal Bureau of Investigation agents within DuPage County, Illinois.

4. Plaintiff MICHAEL KINSELLA has fully complied with the provisions of 28 U.S.C. §2401(b) and 28 U.S.C. §2675. Plaintiff timely filed an administrative claim with the Federal Bureau of Investigation. Ex. 1, Letter from FBI to Plaintiff's Counsel.

5. The FBI disposed of Plaintiff's claim on October 5, 2015. Ex. 2. Letter from FBI to Plaintiff's Counsel.

## EVENTS FORMING THE BASIS OF THIS CLAIM

6. On September 8, 2011, Plaintiff MICHAEL KINSELLA was driving on highway I-290 Eastbound in DuPage County, Illinois.

7. At approximately 10:18 a.m. on September 8, 2011, a Pontiac G6 driven by FBI agent Nicholas Larma swerved from the far left lane of I-290, colliding with plaintiff MICHAEL KINSELLA's Harley Davidson motorcycle at IL Route 19. Ex. 3, Illinois State Police Report.

8. FBI agent Nicholas Larma without warning drove across several lanes of traffic before colliding with Plaintiff MICHAEL KINSELLA's motorcycle. Ex. 4, Illinois Motorist Report.

9. The Illinois State Police Report cited FBI agent Nicholas Larma's improper lane usage as a contributing cause to the accident. See Ex. 3.

10. Plaintiff MICHAEL KINSELLA was transported to Alexian Brothers Hospital as a result of this collision. See Ex. 4. He suffered property damage and injuries to his person.

## COUNT I – FEDERAL TORT CLAIMS ACT -- NEGLIENCE

11. Plaintiff MICHAEL KINSELLA repeats and adopts paragraphs 1 through 10 of this complaint herein.

12. That at all times relevant hereto, the Federal Bureau of Investigation has been an agency of the government of the United States of America.

13. That at all times relevant hereto, Nicholas Larma was acting in the course of his employment as an agent of the Federal Bureau of Investigation. The defendant UNITED STATES OF AMERICA through its agency the Federal Bureau of Investigation has not denied this. Ex. 1, Ex. 2.

14. That at all times relevant hereto, the defendant UNITED STATES OF AMERICA, through its agents and agencies, had a duty of to drive safely on public highways. The actions of FBI agent Nicholas Larma acting as an agent of the defendant UNITED STATES OF AMERICA breached its duty to Plaintiff MICHAEL KINSELLA by:

    a. Failing to properly change and use lanes.

    b. Failing to drive safely on public highways.

    c. Failing to merge in a safe manner.

15. That at all times relevant hereto, the acts and events set forth above constitute negligence and wrongful acts and omissions of agents and employees of the defendant UNITED STATES OF AMERICA where while acting within the scope of their employment, under circumstances which the defendant UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff MICHAEL KINSELLA in accordance with the laws of the state of Illinois.

3

16. As a direct and proximate result of the aforesaid conduct of the defendant and defendant's agents and agencies, Plaintiff suffered significant personal injuries.

17. As a direct and proximate result of the aforesaid conduct of the defendant and defendant's agents and agencies, Plaintiff suffered economic loss.

18. As a direct and proximate result of the aforesaid conduct of the defendant and defendant's agents and agencies, Plaintiff suffered property damage.

## **PRAYER FOR RELIEF**

19. WHEREFORE, Plaintiff MICHAEL KINSELLA is entitled to damages from the Defendant UNITED STATES OF AMERICA and does hereby pray that judgment be entered in his favor against the United States government as follows:

    a. General damages according to proof;

    b. Special damages according to proof;

        i. Compensatory damages;

        ii. Disfigurement;

        iii. Pain and suffering;

        iv. Pecuniary loss;

    c. Personal property damages according to proof;

    d. Pre-judgment and post-judgment interest as allowed by law;

    e. Costs of suit incurred herein;

    f. Such other and further relief as this Court may deem just and proper.

20. Plaintiff MICHAEL KINSELLA seeks damages in an amount in excess of one million dollars ($1,000,000).

Respectfully submitted,

_____
Michael A. Kosner

THE DERATANY FIRM
221 N LA SALLE SUITE 2200
CHICAGO, IL 60601
312 – 857 -7285
ATTY. NO. 30900




**U.S. Department of Justice**

Federal Bureau of Investigation

---

Office of the General Counsel    *Washington, D.C. 20535*

March 15, 2012

*via First-Class Mail*



Michael A. Kinsella
212 Jamestowne Road
Sleepy Hollow, IL 60118-1857

    Re: Automobile Accident on September 8, 2011, Involving a Government
        Vehicle Operated by an FBI Employee

Dear Mr. Kinsella:

    Reference is made to the automobile accident on September 8, 2011. The supporting documentation you submitted to the FBI Chicago Division has been forwarded to our office.

    It is our intention to resolve this claim as quickly as possible. However, before we may do so, pursuant to the provisions of the Federal Tort Claims Act (FTCA), Title 28, United States Code (U.S.C.), Section 2672, it is necessary for you to complete the enclosed Standard Form 95 (SF-95), <u>Claim for Damage, Injury, or Death</u>, and sign it. If a particular section is not applicable, please mark the section "N/A."

    Since claims against the Government are controlled by Federal law, it is important that you take time to carefully prepare your administrative claim. An improper claim must be returned to you. Therefore, it is in everyone's best interest that the claim be correct on the first submission.

    Be certain to fill out the total dollar amounts in boxes 12a and 12d. Box 12d should be the total of boxes 12a through 12c. Failure to do so will render your claim incomplete and it will need to be returned to you. You must claim ALL amounts from the same incident at one time. All amounts claimed must be justified by supporting documentation such as bills, receipts, estimates, medical treatment records, etc.

    As a general rule, two (2) written estimates for repair of the damages sustained to the vehicle must be submitted with the SF-95. However, if the vehicle has been repaired, you must submit a copy of the repair bill. If the claim for damage to the vehicle is being subrogated by an insurance company, you may claim only those amounts which you pay. Additionally, the insurance company cannot seek reimbursement for a deductible paid by you unless you provide signed documentation authorizing it to do so.

    Pursuant to the provisions of Title 28, Code of Federal Regulations (C.F.R.), Section 14.3(a-b), claims must be in the name of the injured person and/or owner of the damaged property. Therefore, you will need to submit proof of ownership with respect to the vehicle you were driving at the time of the accident. An agent or other legal representative may file the claim signing it in a representative capacity as long as the claim is accompanied by documentation, signed by the claimant, authorizing the agent or attorney to present the claim on the claimant's behalf.

Administrative Claim of Michael A. Kinsella

Pursuant to 28 C.F.R. § 14.2(a-c), supplementary claims are not allowed. However, an administrative claim may be amended in certain situations.

Upon completion, please return the original, signed SF-95, estimates for repair, and other related materials to the attention of Paralegal Specialist (PLS) Linda Gaddy at the following address:

>Federal Bureau of Investigation
>Office of the General Counsel
>Civil Litigation Unit II, Room PA-400
>935 Pennsylvania Avenue, N.W.
>Washington, D.C. 20535-0001

You will be advised once processing of your claim has been completed. Your patience and cooperation regarding this matter is appreciated.

If you have any questions or require further assistance in this matter, you may contact PLS Gaddy at 202.220.9292.

Sincerely,

/s/

Henry R. Felix
Associate General Counsel

Enclosure



**U.S. Department of Justice**

Federal Bureau of Investigation

*Office of the General Counsel*  Washington, D. C. 20535-0001

October 5, 2015

***Certified Mail – Return Receipt***

Foote, Mielke, Chavez & O'Neil, LLC
Attn: Craig S. Mielke, Esq.
10 West State Street, Suite 200
Geneva, Illinois 60134

    RE: Your Client: Michael A. Kinsella
           Federal Tort Claims Act (FTCA) Administrative Claim
           Date of Accident: September 8, 2011

Rec'd 10/13/15

**PLAINTIFF'S EXHIBIT 2**

Dear Mr. Mielke:

    This letter is in reference to our settlement offer letter dated August 13, 2014, wherein we offered your client, Michael A. Kinsella, $41,704.00 as full and final settlement of his claim for damages incurred as a result of the above-referenced automobile accident. Enclosed is a copy of our letter. On August 26, 2014, you telephonically requested an extension on response time to our offer to obtain medical records related to a second surgery your client had undergone. Your request was granted by then-Associate General Counsel Henry Felix.

    Please be advised that as approximately 14 months have elapsed since the date of the mailing of our settlement offer and we have not heard from you, our offer remains $41,704.00, which represents reimbursement of property loss expenses, past medical expenses and out-of-pocket medical expenses, future medical expenses, and fair and reasonable compensation for pain and suffering, disfigurement and loss of normal life as full and final settlement of your claim for damages incurred as a result of the above-referenced automobile accident. This is our final offer.

    If you are willing to accept the offer, please sign and date the enclosed Financial Management Service (FMS) 197, Judgment Fund Vouchers for Payment. Please provide your client's social security number and an electronic funds transfer ("EFT") number in the highlighted areas. Your EFT information must be provided in order to receive payment for the claims, as the U.S. Government no longer issues paper drafts (checks) when making such payments. This information can be obtained from your banking institution. Once the forms have been completed and signed, please mail to:

FTCA Administrative Claim of
Michael Kinsella

> Linda C. Gaddy
> Federal Bureau of Investigation
> Office of the General Counsel
> Civil Litigation Unit II, Room 10140
> 935 Pennsylvania Ave., N.W.
> Washington, D.C. 20535-0001

Upon receipt, the voucher will be processed for payment.

    Please be advised that if we do not hear from you within thirty (30) days of the date of this letter, we will assume that you have rejected our offer and your claim will be denied pursuant to 28 Code of Federal Regulations (C.F.R.) § 14.9(a).

                      Sincerely,

                      Paul R. Wellons
                      A/Associate General Counsel

Enclosure

**PLAINTIFF'S EXHIBIT 3**

# ILLINOIS TRAFFIC CRASH REPORT

Sheet 1 of 1 Sheets — ISP-6163-20110908-104518 — *2167947*

| DRAC | DRAC | PEDV | PEDV | TRFD | TRFC | WEAT | DRVA | DRVA | VIS | VIS | VEHD | VEHD | LGHT | COLL | MANV | MANV | PPA | PPA | PPL | PPL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | | | 12 | 4 | 1 | 1 | | 1 | | 1 | | 1 | 11 | 1 | 1 | 99 | 99 | 9 | 9 |
| U1 | U2 | U1 | U2 | | | | U1 | U2 | U1 | U2 | U1 | U2 | | | U1 | U2 | U1 | U2 | U1 | U2 |

**INVESTIGATING AGENCY:** ILLINOIS STATE POLICE
**AGENCY CRASH REPORT NO.:** 02-11-00945

**ADDRESS NO.:** — **HIGHWAY or STREET NAME:** I-290 E/B
**DAMAGE TO ANY ONE PERSONS VEHICLE/PROPERTY:** ☐ $500 OR LESS ☐ $501 – $1,500 ☒ OVER $1,500

**(CIRCLE) FT / MI** N ☒ E S W
**AT INTERSECTION WITH:** IL RTE 19 (NAME OF INTERSECTION OR ROAD FEATURE)
☒ DRIVER ☐ PARKED-NO DRIVER ☐ PED ☐ PEDAL ☐ EQUES ☐ NMV ☐ NCV

**TYPE OF REPORT:** 1 On-scene
**TYPE OF CRASH:** B Injury
**DATE OF CRASH:** 09/08/2011
**TIME OF CRASH:** 10:18 ☒ AM ☐ PM
**NUMBER MOTOR VEHICLES INVLD:** 2

☐ City ☒ Township ADDISON TWP
**COUNTY:** DUPAGE
**CIRCLE DAY OF WEEK:** SU MO TU WE TH FR SA

**INTERSECTION RELATED:** ☐ Yes ☒ No
**PRIVATE PROPERTY:** ☐ Yes ☒ No
**HIT & RUN:** ☐ Yes ☒ No

---

**Unit 1**

**NAME:** LARMA, NICHOLAS C
**STREET ADDRESS:** 2111 W ROOSEVELT RD
**CITY:** CHICAGO **STATE:** IL **ZIP:** 60608
**TELEPHONE:** (312) 446-8935
**DRIVER LICENSE NO.:** L650-6237-6285
**TAKEN TO:** — **EMS AGENCY:** —

**DATE OF BIRTH:** 10/06/1976
**SEX:** M **SAFT:** 2 **AIR:** 4 **EJECT:** 1 **INJURY:** O

**MAKE:** Pontiac **MODEL:** G6 **YEAR:** 2009
**PLATE NO.:** 5247993 **STATE:** IL **YEAR:** 2012
**VIN:** 1G2ZJ57B994237184
**VEHICLE OWNER (LAST, FIRST, MI):** ABC₂ REAL ESTATE
**OWNER ADDRESS:** PO BOX 0148, CHICAGO, IL, 60608
**INSURANCE CO.:** Self Insured **POLICY NO.:** —
**TELEPHONE:** (312) 446-8935

**DAMAGED AREA(S):**
00 - NONE
10 - UNDER CARRIAGE
11 - TOTAL (ALL AREAS)
12 - OTHER
99 - UNKNOWN
**POINT OF FIRST CONTACT:** 5

LARS CODE: —
TOWED: Y ☐ N ☒
FIRE: ☐ ☒
HAZMAT SPILL: ☐ ☒
COMVEH: ☐* ☒ (*IF YES SEE SIDEBAR)

**TRFW:** 3 **VEHT U1:** — **VEHT U2:** 10 **# LANES:** 8 **ALGN:** 1 **RSUR:** 1 **VEHU U1:** 98

---

**Unit 2**

**NAME:** KINSELLA, MICHAEL A
**STREET ADDRESS:** 212 JAMESTOWNE RD
**CITY:** SLEEPY HOLLOW **STATE:** IL **ZIP:** 60118
**TELEPHONE:** (847) 774-8371
**DRIVER LICENSE NO.:** K524-5416-2316
**TAKEN TO:** ALEXIAN BROTHERS HOSPITAL **EMS AGENCY:** ITASCA FIRE

**DATE OF BIRTH:** 11/06/1962
**SEX:** M **SAFT:** 1 **AIR:** 3 **EJECT:** 2 **INJURY:** A **CLASS:** DM

**MAKE:** Harley-davidson Flh Series **MODEL:** — **YEAR:** 2001
**PLATE NO.:** BZ2684 **STATE:** IL **YEAR:** 2012
**VIN:** 1HD1FFW181Y617007
**VEHICLE OWNER (LAST, FIRST, MI):** KINSELLA, MICHAEL A
**OWNER ADDRESS:** 212 JAMESTOWNE RD, SLEEPY HOLLOW, IL, 60118
**INSURANCE CO.:** Self Insured **POLICY NO.:** —
**TELEPHONE:** (847) 774-8371

**DAMAGED AREA(S):**
00 - NONE
10 - UNDER CARRIAGE
11 - TOTAL (ALL AREAS)
12 - OTHER
99 - UNKNOWN
**POINT OF FIRST CONTACT:** 12

LARS CODE: —
TOWED: Y ☒ N ☐
FIRE: ☐ ☒
HAZMAT SPILL: ☐ ☒
COMVEH: ☐* ☒

**VEHU U1:** 2 **RDEF:** 1 **BAC U1:** 96 **BAC U2:** 96

---

**PASSENGERS & WITNESSES ONLY (NAME, ADDR, TEL):**
SPRESSER PAXTON P, 103 W ROOSEVELT ROAD, VILLA PARK, IL 60181, (630) 693-0551

**HOSP:** EMS: n/a
**# OCCS U1:** 1 **# OCCS U2:** 1

**DAMAGED PROPERTY:** —
**PROPERTY OWNER NAME / ADDRESS (STREET, CITY, STATE, ZIP):** —
**SECTION:** — **CITATION NO.:** —
**ARREST NAME:** — **SECTION:** — **CITATION NO.:** —

**CONTRIBUTORY CAUSE(S):**
PRIMARY: 20 Improper lane usage
SECONDARY: 99 Not applicable

**POSTED SPEED LIMIT:** —

**DATE NOTIFIED:** 09/08/2011 **TIME NOTIFIED:** 10:18 ☒ AM ☐ PM
**COURT DATE:** — **COURT TIME:** — ☐ AM ☐ PM

**OFFICER ID:** 6163 **SIGNATURE:** — **BEAT/DIST:** 2 **SUPERVISOR ID:** —

| EVNO | MOST | SEAT | DOB | SEX | SAFT | AIR | INJ | EJCT | LOC | EVNT | MOST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit 1 | 1 | ☒ | W | 10/10/1977 | M | - | - | - | - | 1 | 11 ☒ |
| | 2 | ☐ | | | | | | | | 1 | ☐ |
| | 3 | ☐ | | | | | | | | | ☐ |
| Unit 2 | 1 | ☒ | | | | | | | | 1 | ☒ |
| | 2 | ☐ | | | | | | | | | ☐ |
| | 3 | ☐ | | | | | | | | | ☐ |

**DRP U1:** 3 **DRP U2:** 3

SR 1050 JANUARY 2009 (IMCR)

ISP-6163-20110908-104518 | DIAGRAM

**I-290 E.B. .20 MI E. O. IL RTE 19**

Not to Scale

## NARRATIVE (Refer to vehicle by Unit No.)

Unit #1 was traveling I-290 eastbound .20 miles east of IL RTE 19 in Lane # 3. Unit #2 was directly behind Unit #2.

The driver of Unit #1 stated that he had changed lanes from Lane #2 into Lane #3 when he was rear ended by Unit #2.

The driver of Unit #2 stated that he was traveling in Lane #2 when he observed Unit #1 making a sharp lane change from Lane #1 to Lane #2. The driver of Unit #2 stated that he was unable to stop without rear ending Unit #1.

Witness #1 stated that Unit #1 had changed lanes from Lane #1 across Lane #2, into Lane #3 when Unit #2 was unable to avoid rear ending Unit #1.

Witness #1 who was on duty working as an Investigator with the Illinois Secretary of State Police was the first responder on scene and provide medical care to the driver of Unit #2 until Itasca Fire arrived on scene.

The driver of Unit #1 was transported to Alexian Brothers Hospital where he was treated for non life threatening injuries.

Unit #1 was towed by Bloomingdale Towing to their Bloomingdale location.

### LOCAL USE ONLY  Nothing

| U1 Color: Blue | U1 Towed By / To: / |
| U2 Color: Black | U2 Towed By / To: BLOOMINGDALE TOWING / BLOOMINGDALE TOWING |

### COMMERCIAL VEHICLE — Unit 1

CARRIER NAME

ADDRESS

CITY | STATE | ZIP

ID Number. | GVWR
USDOT
OR State No. | State Name | ICCMC | None

**HAZARDOUS MATERIALS**  PLACARDED?
IF YES: 4 DIGITS | 1 DIGIT | Name

HAZARDOUS CARGO RELEASED FROM TRUCK?
VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH?   N
VIOLATION OF MCS REGS CONTRIBUTE TO CRASH?
INSPECTION FROM COMPLETED?

HAZMAT | OUT OF SERVICE?
MCS | OUT OF SERVICE?
IDOT PERMIT# | WideLoad | FORM NO.

| TRAILER WIDTH(S) | TRAILER LENGTH(S) | Vehicle Length Total - Ft |
| TRAILER 1 | TRAILER 1 | No Of Axles |
| TRAILER 2 | TRAILER 2 | |
| Vehicle Configuration | Cargo Body Type | LoadType |

SOURCE: SIDE OF TRUCK / PAPERS / DRIVER / LOG BOOK

### COMMERCIAL VEHICLE — Unit 2

CARRIER NAME

ADDRESS

CITY | STATE | ZIP

ID Number. | GVWR
USDOT
OR State No. | State Name | ICCMC | None

**HAZARDOUS MATERIALS**  PLACARDED?
IF YES: 4 DIGITS | 1 DIGIT | Name

HAZARDOUS CARGO RELEASED FROM TRUCK?
VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH?  N
VIOLATION OF MCS REGS CONTRIBUTE TO CRASH?
INSPECTION FROM COMPLETED?

HAZMAT | OUT OF SERVICE?
MCS | OUT OF SERVICE?
IDOT PERMIT# | WideLoad | FORM NO.

| TRAILER WIDTH(S) | TRAILER LENGTH(S) | Vehicle Length Total - Ft |
| TRAILER 1 | TRAILER 1 | No Of Axles |
| TRAILER 2 | TRAILER 2 | |
| Vehicle Configuration | Cargo Body Type | LoadType |

SOURCE: SIDE OF TRUCK / PAPERS / DRIVER / LOG BOOK

**PLAINTIFF'S EXHIBIT 4**

# ILLINOIS MOTORIST REPORT

**UNIT # 2**

Mail this report to:
Illinois Department of Transportation
Crash Records Section
1340 North 9th Street
Springfield, Illinois 62766-0001

Use black ink and print or type all information.
(To complete this form, see Driver Information Exchange)

For a copy of the Police Report contact the investigating agency.

**CITY OR TOWNSHIP OF OCCURRENCE (CIRCLE ONE):** ADDISON TWP
**COUNTY OF OCCURRENCE:** DuPAGE
**AGENCY REPORT NO.:** 02-11-00945
**DATE OF CRASH:** 09 / 08 / 11

**DRIVER'S NAME (LAST, FIRST, M.I.):** KINSELLA, MICHAEL A.
**STREET ADDRESS:** 212 JAMESTOWNE ROAD
**CITY:** SLEEPY Hollow **STATE:** IL **ZIP:** 60118
**DRIVER LICENSE NUMBER:** 524-5416-2316

**YOUR INSURANCE**
Were you covered by a liability insurance policy at the time of the crash? ☒ YES ☐ NO
Full name of your insurance company (not agency) which issued policy to cover liability for damages or injury to others: GEICO
**Policy Number:** 4158-30-83-63
**Policy Period From:** 3-14-11 **To:** 3-14-12
Name and address of representative who sold policy: ONLINE
**Name of Policy Holder:** MICHAEL KINSELLA

**VEHICLE OWNER'S NAME (LAST, FIRST, M.I.):** KINSELLA, MICHAEL A.
**VEHICLE OWNER'S ADDRESS:** 212 JAMESTOWNE RD, SLEEPY Hollow IL **STATE:** IL
**VEHICLE OWNER'S PLATE NUMBER:** BZ 2684
**VEHICLE OWNER'S INSURANCE COMPANY:** GEICO
**VEHICLE OWNER'S POLICY NUMBER:** 4158-30-83-63
**VEHICLE MAKE:** HARLEY DAV. **MODEL:** ELECTRA GLIDE CLASSIC **YEAR:** 2001

**VEHICLE DAMAGE**
APPROXIMATE COST TO REPAIR YOUR VEHICLE $ UNKNOWN
Was driver (owner) of other vehicle insured? YES ☒ NO ☐ NOT KNOWN ☐
Were you driving a vehicle owned by your employer, in the course of your employment? YES ☐ NO ☒

**PROPERTY DAMAGE (OTHER THAN VEHICLES)**
APPROXIMATE COST TO REPAIR $ 800.00
DESCRIBE DAMAGE TO PROPERTY: TOTAL LOSS OF ALL CLOTHING, WATCH, SUNGLASSES... DAMAGE TO CELL PHONE, CASE, COMPUTER...
PROPERTY OWNER'S NAME AND ADDRESS: SAME

**DID POLICE OFFICER INVESTIGATE CRASH?** YES ☒ NO ☐

**LIST PERSONS KILLED OR INJURED**
| UNIT | AGE | SEX | NAME | ADDRESS |
|---|---|---|---|---|
| 2 | 48 | M | Michael Kinsella | 212 Jamestowne Rd Sleepy Hollow IL 60118 |

**DESCRIBE INJURIES:** HEAVY ABRASIONS TO ENTIRE BODY INCLUDING BACK, L+R ARMS, L+R HANDS, L+R HIP, LEFT KNEE, HEAD TRAUMA

**SIGN HERE:** [signature] **DATE:** 09/16/11

ADDRESS: 212 Jamestowne, Sleepy Hollow IL 60118

If you fail to give full insurance information above, it will be assumed that you did not have automobile liability insurance, and you may be subject to further application of the Safety Responsibility Law.

COMPLETE BOTH SIDES OF THIS FORM

SR 1MCR 500M (November 2009)
Printed by authority of the state of Illinois



Case: 1:16-cv-04002 Document #: 1 Filed: 04/04/16 Page 13 of 13 PageID #:13

## DIAGRAM WHAT HAPPENED INSTRUCTIONS

1. Follow dotted lines to draw outline of roadway at place of crash.
2. Number each vehicle and show direction of travel by arrow.
3. Use solid line to show path before crash:
   dotted line after crash:
4. Show pedestrian by:
5. Show railroad by:
6. Show utility poles by:
7. Show motorcycle by:

INDICATE NORTH BY ARROW

DIAGRAM:

RT 53
RT. 270

### INSTRUCTIONS
OBSERVE THE FOLLOWING RULES.

1. PRINT OR TYPE ALL INFORMATION.
2. Answer all questions to the best of your knowledge. If unable to answer any questions, mark "NK" for "not known."
3. The nature and extent of all damages and injuries must be clearly and completely stated. Whenever a doctor's statement of injuries or a garage estimate of the cost of repairs is immediately available, give this information; otherwise, give your own careful estimate.
4. Use a second report form or a sheet of paper the same size to report additional vehicles, injured persons, witnesses, or any other information for which there is not sufficient space.
5. SIGN THE REPORT in the space at the bottom of the front side of this report form.

Important - This crash should also be reported to your insurance representative. Failure to report may jeopardize your automobile liability insurance.

### NARRATIVE (Refer to vehicle by Unit No.)

I WAS DRIVING SOUTHBOUND ON RT. 53 AND WITHOUT WARNING UNIT 2 (ONE) DOVE ACROSS LANES (RIGHT TURN), I BRAKED HARD BUT WAS UNABLE TO AVOID CONTACT WITH UNIT 1 (ONE) RESULTING IN DAMAGE AND INJURIES TO UNIT 2 AND DRIVER 2.

YOUR REPORT IS CONFIDENTIAL AND CANNOT BE USED AS EVIDENCE IN ANY TRIAL.

PRINT OR TYPE ALL INFORMATION.

THE PROVIDING OF FALSE INFORMATION IS A CLASS C MISDEMEANOR AND CAN RESULT IN A $500 FINE AND A 30-DAY SENTENCE.

## LEGAL REQUIREMENTS

The driver of any motor vehicle involved in a crash which results in injury, death, or damage to any one person's property in excess of $1,500 (or, $500 if any driver is not insured) must complete this report and send to IDOT within 10 days after the crash.

If the driver is physically incapable of completing the report, the owner or another occupant of the vehicle should do so.

## The Safety Responsibility Law
For general information only

(See Sections 625 ILCS 5/7-100 through 5/7-216 of the Illinois Vehicle Code for complete statute.)

In certain cases drivers and owners may be required to prove financial responsibility, usually by presenting evidence of automobile liability insurance.

When any person sustains property damage in excess of $1,500 (or, $500 if any driver is not insured) or personal injuries, the names of uninsured motorists are sent to the Secretary of State with a legal notice of possible security deposit. The notice names all potential property damage and bodily injury claimants, and lists the evaluated amounts of those potential claims. The evaluations are based on information shown in the reports filed by drivers or owners. It is important that reports be filed promptly and that complete and accurate descriptions of property damage and bodily injuries be shown in the spaces provided on the report form.

The accident file, which usually contains a police report and a report from each driver, will be sent to the Secretary of State. That office will review the reports to ascertain if the uninsured driver was legally at fault, if the driver was clearly not at fault, the file will be closed; otherwise a Notice of Suspension will be mailed. The Notice of Suspension outlines the Methods of Compliance with the Illinois Safety Responsibility Law; it also advises the uninsured motorist of the right within 15 days of the Notice of Suspension to request a hearing. If a request for hearing is not received, the suspension becomes effective 45 days from the date of the Notice of Suspension. If a hearing is held and the Hearing Officer concludes, after considering all written and oral evidence, that there is a reasonable possibility of legal fault, the uninsured motorist has the following options; 1. Deposit security; 2. Present evidence of releases from liability (or signed agreements to pay for damages in installments) from all potential claimants names on the security deposit notice; 3. Show evidence of a final adjudication of nonliability. If the uninsured motorist fails to comply with any of the above options, his/her drivers license (if driver) and vehicle registration privileges (if owner) would be suspended.

(None of the above affects any person's right to sue to recover damages.)

(Security deposits, releases or installment agreements are to be submitted to the Secretary of State.)